# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# at LEXINGTON

**Civil Action No. 09-37-HRW**

**JAMES DOUGLAS CHILDERS**,                                                      **PLAINTIFF,**

**v.**                  <u>**MEMORANDUM OPINION AND ORDER**</u>

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**         **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on September 1, 2006, alleging disability beginning on March 2, 2004, due to lower back pain, left leg pain, fatigue, depression, allergies and degenerative disc disease.

This application was denied initially and on reconsideration.

On May 7, 2008, an administrative hearing was conducted by Administrative Law Judge Ronald M. Kayser (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Daryl Martin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 23, 2008, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 36 years old at the time of the hearing decision. He has a high school education and past relevant work experience consists of work as a car detailer, factory worker, tire/oil and lube technician and forklift operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 11).

The ALJ then determined, at Step 2, that Plaintiff suffered from low back pain secondary to degenerative disc disease and right leg radiculopathy, which he found to be "severe" within the meaning of the Regulations (Tr. 11 -13).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 16) but determined that he has the residual functional capacity ("RFC") to perform a range of light exertional work as set forth in the hearing decision (Tr. 13-16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 16-17).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 16, 2008 (Tr. 1-2).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.   Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ should have accorded greater weight to the psychological assessment from Geraldo C. Lima, Ph.D. and (2) the ALJ did not properly evaluate Plaintiff's credibility.

### C.   Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ should have accorded greater weight to the psychological assessment from Geraldo C. Lima, Ph.D..

It is well settled that the only physicians whose opinions may be entitled to controlling weight are those of a treating physician. 20 C.F.R. § 404. 1527(d)(2). It is also well established that the ALJ may rely upon the opinions of nonexamining sources. 20 C.F.R. § 416.927(d) and (f).   Finally, it is the duty of the ALJ to weigh the evidence of record. *See e.g., Richardson v. Perales*, 402 U.S.

389, 399 (1971).  He or she may give less weight to any opinion that is not well-supported by medically acceptable clinical and diagnostic techniques and is not consistent with the other credible evidence of record.  *See Roger v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007).

At the behest of the Administration, Dr. Lima saw Plaintff on November 4, 2006 for a psychological evaluation.  He diagnosed Plaintiff as having a "pain disorder with general medical and psychological factors." (Tr. 259).   He concluded that Plaintiff would "not likely do well with supervisors and co-workers . . . [and would] not be able to manage stressors typically found at work." (Tr. 260).

The ALJ found that Dr. Lima's assessment was not supported by substantial evidence.  The Court agrees.  First, nothing in his report suggests a finding that the aforementioned pain disorder would cause more than minimal difficulty.  Indeed, there is nothing in Dr. Lima's report which explains how such a disorder would prevent Plaintiff from "doing well" with supervisors and co-works.  Further, Dr. Lima's speculation as to the limitations arising from Plaintiff's physical impairments would seem to be outside his area of expertise, to-wit, psychology. These factors call into question Dr. Lima's opinion as to Plaintiff's alleged mental impairment and its impact on his ability to function in the workplace.

Notably, Dr. Lima did not diagnose Plaintiff with a mental impairment. Nor has Plaintff ever been hospitalized or referred to treatment for mental health issues.

Based upon the record, the Court finds no error in the ALJ's rejection of the severe nonexterional restrictions suggested by Dr. Lima.

Plaintiff's second claim of error is that the ALJ did not properly evaluate Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible. (Tr. 15). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ pointed out that the reports of magnetic resonance imaging of record revealed degenerative disc disease at two levels but showed no stenosis or root compression. Further, the record shows that Plaintiff's range of motion is normal, as is his strength in all of his extremities.

It appears from the record that Plaintiff's complaints are somewhat exaggerated. For example, although Plaintiff appeared at the hearing with a cane, none has been prescribed. Moreover, despite his complaints of constant pain and numbness, on September 23, 2005, Plaintiff applied to be in the National Guard.[1]

Given the lack of support in the record for Plaintiff's alleged symptoms, the Court finds no error in the ALJ's assessment of Plaintiff's credibility.

As for Plaintiff's contention that the ALJ failed to provide specific rationale for his assessment of Plaintiff's credibility, it is simply not accurate. The decision contains a detailed discussion regarding the ALJ's consideration and analysis of Plaintiff's subjective complaints.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously

---

[1] The record reveals that this application as denied due to Plaintiff's thyroid problems.

herewith.

    This November 9, 2009.

